IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBBIE EBONY TURNER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-20-2844 |
| | * | Civil Case No. SAG-20-2911 |
| HERBERT GUSTAVIS SOWE, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

These two cases stem from Defendant Herbert Gustavis Sowe's removal of Case No. 03C18002091 from the Circuit Court for Baltimore County, Maryland to this Court. In case SAG-20-2911, this Court identified an evident jurisdictional issue and issued a show cause order, ECF 2, which prompted Defendant to file his "Motion to Vacate Remand Order," ECF 4. Defendant's Motion will be DENIED, because no remand order had been entered as of the date he filed his motion. However, this Court has considered Defendant's motion as his response to its show cause order. Because this Court finds a lack of subject matter jurisdiction, the two federal cases now will be remanded to state court.

While it does not appear that Defendant provided this Court with the complete state court file, the action Defendant seeks to remove is a paternity suit. Specifically, it involves a state court order requiring Defendant to pay child support, and a suspension of his driver's license as a result of nonpayment. Case No. 20-2844, ECF 3, 17.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Thus, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.* (citing *Bender*, 475 U.S. at 541). Here, this Court raised the issue in its show cause order in case 20-2911, noting both that the removal had been untimely docketed and that federal courts generally cannot intervene in domestic relations cases. *See* ECF 2 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citations omitted) and *Reale v. Wake County Human Services*, 480 F. App'x 195, 197 (4th Cir. 2012)).

In response, Defendant contends that he removed the case because it presents federal constitutional issues, specifically citing various constitutional provisions he believes to have been infringed by the outcome in the state court proceeding. Civ. No. 20-2911, ECF 4. The issue, however, is that the Bill of Rights in the United States Constitution generally governs conduct by state actors. *See, e.g.*, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-22 (1961) (Fourteenth Amendment); *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019) (First Amendment); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment). Defendant argues at length that the imposition of alimony and other elements of the divorce proceeding constitute state action, *see* Civ. No. 20-2911, ECF 4, but misses the core underlying fact that the case he removed (twice) is a paternity case between two private individuals: Defendant and the Plaintiff, Robbie Ebony Turner. No state action is at issue in the

case, and no federal constitutional violation by Turner has been alleged. Accordingly, no federal question is presented. Moreover, as this Court noted in its show cause order, the case was not timely removed to federal court, which provides an independent basis requiring its remand. Accordingly, this Court lacks subject matter jurisdiction, and the two federal cases will be remanded to state court for further adjudication. Separate orders follow.

Dated:  December 18, 2020                                    /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge